ISIDORE GRUSHKA, Plaintiff, Respondent, *v.* BENTWOOD PRODUCTS CORPORATION, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, November 13, 1924.

**Judgments — opening default — defendant's affidavits on motion to vacate judgment, entered on inquest in action for goods sold and delivered, alleged merchandise was sold to another concern — copy of statement of sale, purported to be signed by plaintiff and submitted on motion, entitled defendant to defend — order reversed, judgment vacated and case set for trial.**

An order denying defendant's motion to vacate a judgment in plaintiff's favor in an action for goods sold and delivered should be reversed, the judgment vacated and the case set down for trial, where it appears that, though the judgment was entered after an inquest, upon default, the defendant clearly was entitled to defend by reason of its affidavits, submitted on the motion to vacate the judgment which, after alleging that the goods were actually sold to a concern other than defendant, set up a copy of a statement of sale, purporting to be signed by the plaintiff to the effect that the goods were billed to the other concern.

APPEAL by defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, first district, deny-ing a motion to vacate the judgment entered by default and setting the case down for trial.

*Abraham Berman,* for the appellant.

*Nathan M. Padgug,* for the respondent.

*Per Curiam.* On the day (May twenty-eighth) when the inquest was taken the action had been placed on the calendar with a prefer-ence following two or three prior adjournments, the last of which was at the defendant's request upon the ground of the absence in Europe of a material witness. When the case was called for trial on May twenty-eighth an affidavit and certificate were offered by the defendant from which it appeared that the president of the defendant, and its principal witness, had suffered a physical break-down which had necessitated his leaving the city for a week or two under doctor's orders. The inquest was, nevertheless, taken.

Respondent does not apparently contest the right of defendant to an adjournment under these circumstances, but claims that there is no defense to the action, which is for goods sold and delivered. It appears from defendant's affidavits that it claims that the goods were ordered by another concern, and it produced a copy of a state-ment claimed to be signed by plaintiff in which appear the words above a statement of the account " sold to Eastern Trading Agency,

Inc.," which is the concern that defendant claims ordered the goods. Plaintiff, in a replying affidavit, says that this paper, if in existence, is a forgery. This paper if it shall be proved to have been signed by the plaintiff will be submitted by defendant and clearly entitles it to defend.

Order reversed, judgment vacated and case set for trial, with ten dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.